PAUL DELANEY, PLAINTIFF IN ERROR, v. PUBLIC SERVICE
RAILWAY COMPANY, DEFENDANT IN ERROR.

Argued November 21, 1911—Decided March 5, 1912.

In an action to recover damages for personal injuries sustained by
plaintiff while in the employ of defendant as a car repairer, the
evidence examined, and *held* insufficient to show any negligence
on the part of the defendant.

On error to the Supreme Court.

For the plaintiff in error, *William Hughes.*

For the defendant in error, *William B. Gourley.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. The plaintiff sued to recover dam-
ages for personal injuries sustained by him while in the em-
ploy of the defendant as a car repairer. He was nonsuited at
the trial, and brings the resulting judgment to this court for
review.

The evidence of the plaintiff tended to show that he was
employed by defendant in its shop at West Hoboken; that in
the course of his duties he was called upon to repair an axle
bearing upon one of the defendant's cars; that the car was
run upon the appropriate track to a position above a pit
arranged for the purpose; that in the pit was a pneumatic
jack, intended to enable the workman to raise parts of the
cars; that plaintiff descended into the pit and set the jack
in position to enable him to raise the magneto block so he
might properly place the bearing; and that owing to some
irregularity or defect in the supply of compressed air by which
the jack was operated, it operated improperly, with the result
that one of the plaintiff's arms was caught between the jack
and the car and severely crushed.

The trial judge presiding granted the nonsuit on the ground
that he was unable to discern any reasonable ground upon

which the jury could properly find from the evidence that there was negligence on the part of the defendant company. The argument of the learned counsel for the plaintiff in error in this court leaves us in the same state of mind. Counsel does not suggest any tenable theory of negligence, and we are unable to perceive upon what theory the case could properly have been submitted to the jury. It is conceded that the jack and all its appliances were in good order.

We can surmise that there may have been negligence in the operation of the plant, but if so, the plaintiff failed to adduce evidence fairly tending to prove it, or to fix responsibility for it upon the employer rather than upon a fellow-servant.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, JJ. 14.

*For reversal*—None.